In re Robert DEICHERT, Debtor.

Eleanor M. DEICHERT, Plaintiff,

v.

Robert G. DEICHERT and George E. Clark, Jr., Esq. Trustee, Defendant.

Bankruptcy No. 5–88–00519.
Adv. No. 5–88–0093.

United States Bankruptcy Court,
M.D. Pennsylvania.

Feb. 27, 1989.

William H. Robinson, Jr., Stroudsburg, Pa., for plaintiff.

Errol C. Flynn, Honesdale, Pa., for debtor/defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This proceeding is before the court on plaintiff's Motion for Judgment on the Pleadings. For the reasons provided herein, we deny the plaintiff's Motion.

On or about October 11, 1988, plaintiff filed a complaint for turnover of non-estate property. The plaintiff also requested, inter alia, that the automatic stay be lifted in order to allow plaintiff to proceed to recover property held by the defendant. The defendant answered the complaint and in response the plaintiff filed the instant motion for judgment on the pleadings. In this motion, plaintiff again requests relief from the automatic stay and also the entry of a default judgment against the trustee. Defendant filed an answer to the motion for judgment on the pleadings, but failed to file a brief in support.

Rule 12(c) of the Federal Rules of Civil Procedure dealing with motions for judgment on the pleadings is made applicable to adversary proceedings in bankruptcy pursuant to Bankruptcy Rule 7012(b). Federal Rule of Civil Procedure 12(c) provides as follows:

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Moore's Federal Practice at Volume 2A, page 12–106–108 discusses the general requirements for a motion for judgment on the pleadings as follows:

"A motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as to admitted, the moving party is clearly entitled

to judgment. Therefore, a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) these allegations are deemed denied; nor may defendant move on the basis of and insufficient denial of the allegations of his answer in plaintiff's reply, where the reply was not required or ordered by the court. Plaintiff may not move for judgment on the pleadings where the answer raises issues of fact which if proved would defeat recovery."

The plaintiff asserts that the defendant has essentially admitted all of the facts necessary to grant a judgment on the pleadings in her favor. Admittedly, the defendant's pleadings suffer from technical deficiencies and better draftsmanship could have been employed to answer plaintiff's allegations. However, we direct the parties' attention to Federal Rules of Civil Procedure and in particular, Rule 8(f) which provides that: "All pleadings shall be construed as to do substantial justice." Moore's continues at Volume 2A, ¶ 8.02, page 8–9: "Litigation is not an art in writing nice pleadings. Unless the facts of the case are essentially undisputed, a case can seldom be decided on its merits at the pleading stage. In the federal courts, very few contested cases are settled on the pleadings."

Focusing on the particular pleadings in question, we note that most of the plaintiff's factual allegations have been admitted. Defendant's answer, however, essentially denies the applicability and/or enforceability of a final state court order divorcing plaintiff and defendant and incorporating a Master's Recommendations regarding equitable distribution, alimony pendente lite, and post-divorce alimony, vis a vis, the filing of the bankruptcy petition. Defendant's denial of the allegations in ¶ 12 raises issues such as whether or not the order of the state court has created a consensual or judicial lien which can be avoided in bankruptcy. Defendant's answer to ¶ 15 also raises the lien avoidance issue. In short, a review of the pleadings filed in this matter does not dictate that the moving party is entitled to a judgment. Consequently, because this matter has been pretried, final hearing on the merits will be scheduled and the parties will be required to submit briefs pursuant to Local Rule 509.

Plaintiff has utilized the motion for judgment on the pleadings to make a myriad of additional requests for relief from this court, namely, the lifting of the automatic stay and the entry of a default judgment against the trustee. Both of these requests, if pursued, should be by separate motion in accordance with the Rules of Civil Procedure as made applicable to adversary proceeding by the Rules of Bankruptcy Procedure.

IT IS SO ORDERED.